Curia, per

Frost, J.
It appears, from the recital in the report, that the testator did not “ will and declare his land to be sold by his executorsand this power to sell is, therefore, not to be derived from the Statute 21 H. 8, c. 4, (2 Stat. 457.) The direction of the testator is that, on the occurrence of a certain event, his land should be sold; but it is not declared by whom the sale should be made. This brings the case within the Act of 1787, (5 Stat. 15,) which provides that, whenever any person has directed his lands should be sold for the payment of debts, .or for distribution, among legatees, of the money which may arise from the sale in such case, “it shall be lawful for the executors of such person, or the majority of such executors as shall qualify on the said will, if no person is expressly named for that pur *202 pose, to sell and convey the lands, agreeable to the intention of the testator.” Before this Act, it was never questioned that, when a testator directed his estate to be sold, but gave no power to his executors to sell, that a sale by the executors was illegal: (Drayton vs. Drayton, 2 Des. Eq. 250.) It is the recited purpose of the Act to remedy that inconvenience. The power of the executors to sell, in this case, must be entirely derived from the Act.
The authority which it confers must be strictly pursued. The Act should be construed in analogy to the case of a power to sell land conferred by a will. At common law, when the devise is that two executors should sell, one alone cannot sell, though the other refused to be executor, or die. The mention of the number is held to annex a personal authority to them and to appropriate the trust to them, in the same manner as if the authority were given to two persons, by name. But, if the words of the devise be answered, that is held sufficient: as, if one make three executors, and devise his land to be sold by his executors, and one of them die before the time of sale, the other two may sell, because the terms of the power, which require the plural number, are satisfied. (Pow. on Dev. 238, 242.) By the Act of 1787, when the testator has directed his land to be sold, and no person is expressly named for that purpose, “ it shall be lawful for the executors, or a majority of such as shall qualify,” to convey the land. Hardin cannot claim the authority conferred on a “ majority of such as will qualify;” for one is not a majority of two. But Hardin and Whistenhunt might have conveyed jointly under the power conferred on the executors.
It may fairly be inferred to be the intention of the Legislature, that if only two executors are appointed, one should not have the power to sell, without or against the consent of the other; but that the concurrence of both should be required, and be shown by their uniting in the deed of conveyance.
The motion is refused.
O’Neall, EvaNS, Wardlaw and Withers, JJ., concurred.

Motion dismissed.